IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA SUE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv830-WKW |
| | ) | [WO] |
| WILLIAMS PLANT SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Williams Plant Services' ["Williams"] motion to dismiss

Brenda Sue Jackson's ["Jackson"] civil complaint on the grounds that the Middle District of

Alabama is not a convenient forum (Doc. # 4).  Jackson responded to the motion (Docs. ##

10, 15), and the parties' submissions compelled the court to require further information

regarding whether this was an improper, as opposed to simply inconvenient, forum for

litigating Jackson's claims (Doc. # 18).  42 U.S.C. § 2000e-5(f)(3).

With the additional information provided by the parties, the court now concludes that

it is not a proper forum.  Consequently, the Magistrate Judge recommends that this case be

transferred to the U.S. District Court for the Northern District of Georgia, and that Williams's

motion be denied as moot.

**DISCUSSION**

Jurisdiction and venue in Title VII cases are governed expressly by statute, which, in

relevant part, states that an action

> may be brought in any judicial district in the State in which the
> unlawful employment practice is alleged to have been
> committed, in the judicial district in which the employment
> records relevant to such practice are maintained and
> administered, or in the judicial district in which the aggrieved
> person would have worked but for the alleged unlawful
> employment practice . . ..

42 U.S.C. § 2000e-5(f)(3).

Proceeding *pro se*, Jackson filed with this court a form complaint, which referenced Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and noted that "[j]urisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5" (Doc. # 1, p. 1). Although the handwritten allegations in the complaint leave the reader to guess the nature of her claims, documents attached to her complaint, including a charge of discrimination that Jackson apparently filed with the Equal Employment Opportunity Commission, indicate that she is claiming race discrimination in connection with her employment with Williams (Doc. # 1).

At the relevant times preceding this litigation, Jackson worked for Williams at a nuclear power facility located in Baxley, Georgia. Her employment was terminated shortly after Jackson was barred from the facility after allegedly making threatening statements, although Jackson appears to claim that her termination was the culmination of ongoing racial harassment. *Id.*

Jackson does not deny that Williams is a Georgia corporation with its principal place of business located in Stone Mountain, Georgia (Doc. # 4-2, ¶¶ 2-3; Doc. # 19). Furthermore, Jackson notes that "it is undisputed that the discrimination occurred in Georgia

and, possibly, the employment records are maintained in Georgia" (Doc. # 19, p. 4).

Apparently, Jackson relies on the following factors in insisting upon maintaining the lawsuit in this forum:

1.      she along with witnesses she intends to call are Alabama residents;

2.      the company responsible for operating the Georgia power plant, Southern Company, which is not a party to this lawsuit, is "based out of Birmingham, Alabama"; and

3.      she "had been working in Alabama for Williams prior to the Georgia job and, more than likely, would have worked in Alabama for Williams in the future if she had not been fired by Williams in Georgia."

(Doc. # 19).

The first two reasons are not relevant, and Jackson's speculation regarding where she may have worked sometime in the future had the discrimination not occurred fails to satisfy Title VII's venue requirements.  Nothing in the parties' submissions gives the court any reason to believe that, but for the discrimination, Jackson would have worked someplace other than the Baxley power plant.  Consequently, this court is an improper venue, and, pursuant to 28 U.S.C. § 1406(a), the case should be transferred.

Jackson could have chosen to file this lawsuit in any of the three federal judicial districts in Georgia.  Whereas Williams has suggested that the Northern District of Georgia is the most convenient forum (Doc. # 4), Jackson has not indicated a preference, thus the court has no reason to dispute Williams's suggestion.

**CONCLUSION**

Therefore, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the Northern District of Georgia, and that Williams's motion to dismiss this case on the grounds that the Middle District of Alabama is an inconvenient forum be DENIED as MOOT.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **13 April, 2006.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on 30 September 1981).

DONE this 28th day of March, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE